UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BOBBY ALLEN JOHNSON, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION No. CV-95-S-3022-NE
)
ONEITA INDUSTRIES, INC., )
ONEITA INDUSTRIES CULLMAN, )
DARLENE ABSHER, both )
individually and as agent of )
Defendants Oneita Industries, )
Inc. and Oneita Industries )
Cullman, )
)
    Defendants. )



ENTERED
JUL 30 1997

### MEMORANDUM OPINION

This action is before the court on three motions: (1) defendants' motion to dismiss plaintiff's state law tort claims against defendant Darlene Absher or, in the alternative, to sever those claims for separate trial; (2) a motion *in limine* by defendant Oneita Industries to exclude evidence in connection with plaintiff's claims for back pay and front pay; and (3) a motion *in limine* by defendant Oneita Industries to exclude the testimony of Judy Day. Each is discussed below in the light of the pleadings, briefs, and plaintiff's responses.[1]

---

[1] Plaintiff filed responses to the first and second motions, but not the third.

64

## I. MOTION TO DISMISS OR SEVER STATE LAW CLAIMS

By order entered March 13, 1997, this court dismissed plaintiff's Title VII claim for hostile work environment sexual harassment and his negligent supervision and training claims. The action was allowed to proceed on the following claims:

> (1) plaintiff's Title VII retaliation claim against the Oneita defendants; and (2) plaintiff's [pendent state law tort] claims against Darlene Absher for assault and battery and invasion of privacy.

(March 13, 1997 Order.) Defendants now argue that plaintiff's pendent state law claims are due to be dismissed.

Defendants contend there "is not a sufficient nexus" between plaintiff's remaining state law claims against Absher and his Title VII retaliation claim "to support federal supplemental jurisdiction over the state claims." (Defendants' Motion, at 8.) In making that argument, defendants have completely side-stepped "the long-standing precedent of the Supreme Court of the United States" that the "existence of federal question jurisdiction ... must ... be determined from the face of the complaint." *Turner/Ozane v. Hyman Power*, 111 F.3d 1312, 1316 (7th Cir. 1997)(citing *Bell v. Hood*, 327 U.S. 678, 680-82, 66 S.Ct. 773, 774-76, 90 L.Ed. 939 (1946)). Plaintiff's state law tort claims clearly were part of the same "case or controversy" as his Title VII sexual harassment claim. The dismissal of that sexual harassment claim at the summary judgment stage did not divest this court of jurisdiction. Even so,

> a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the ... federal statutes clearly appears to be immaterial and

2

made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

Bell, 327 U.S. at 682-83, 66 S.Ct. at 776. However, defendants have not argued — nor is there merit in an argument — that plaintiff's sexual harassment claim was "wholly insubstantial and frivolous." Accordingly, this court retains supplemental jurisdiction over his state law tort claims.

Further, upon consideration of plaintiff's response, this court exercises its discretion and declines either to dismiss and remand the state law claims, or to sever those claims for separate trial.

## II. BACK PAY & FRONT PAY

Oneita's motion *in limine* to exclude any evidence plaintiff may offer in support of his claims for back pay and front pay is due to be granted. Normally, a defendant carries the burden of proving, as an affirmative defense, that a plaintiff failed to mitigate his or her damages. See, e.g., Charles R. Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts* ¶ 1:196 (2d ed. 1996)(citing cases). Bobby Allen Johnson has relieved Oneita of that burden, however, and proved through his own deposition testimony, beyond peradventure or reasonable doubt, that he was offered employment by three other sewing companies, performing the same or substantially similar work, at the same or "even more pay, but [he] turned them down." He thereby forfeited his right to back pay.

3

> An unemployed or underemployed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages set out in § 706(g) [42 U.S.C. § 2000e-5(g)]. This duty, rooted in an ancient principle of law, requires the claimant to use reasonable diligence in finding other suitable employment. Although the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied.

*Ford Motor Company v. Equal Employment Opportunity Commission*, 458 U.S. 219, 231-32, 102 S.Ct. 3057, 3065-66, 73 L.Ed.2d 721 (1982)(footnotes omitted). The same, ancient equitable principles eviscerate plaintiff's claim for front pay. As a further basis for these rulings, this court adopts in whole cloth the arguments and citations set forth by defense counsel in support of the subject motion.

### III. TESTIMONY OF JUDY DAY

Upon first reading, it appears that Oneita's motion *in limine*, to exclude the testimony of Judy Day, motion should be granted. Plaintiff has not yet responded to it, however: indeed, he has not had a reasonable opportunity to do so; the motion only was filed on Friday, July 25, 1997. Therefore, the motion is held in abeyance, pending response by plaintiff's able counsel of record. Such response should be filed <u>in the Huntsville Divisional Clerk's office</u> by close of business on Friday, August 1, 1997.

### IV. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

4

**DONE** this 30th day of July, 1997.

_____
United States District Judge

5

102 S.Ct. 3057
73 L.Ed.2d 721, 29 Fair Empl.Prac.Cas. (BNA) 121, 29 Empl. Prac. Dec. P 32,852
(Cite as: 458 U.S. 219, 102 S.Ct. 3057)

Page 1

FORD MOTOR COMPANY, Petitioner
v.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION.

No. 81-300.

Supreme Court of the United States

Argued April 20, 1982.

Decided June 28, 1982.

The Equal Employment Opportunity Commission sued automobile manufacturer claiming Title VII violation by refusing to hire women at one of its warehouses. The United States District Court for the Western District of North Carolina, James B. McMillan, J., awarded back pay. The Court of Appeals, 645 F.2d 183, affirmed and remanded. Certiorari was granted. The Supreme Court, Justice O'Connor, held that an employer charged with discrimination in hiring can toll the continuing accrual of back pay liability by unconditionally offering the claimant the job previously denied and the employer is not required to offer seniority retroactive to date of the alleged discrimination, and that absent special circumstances, rejection of the unconditional job offer ends the accrual of potential back pay liability.

Reversed and Remanded.

Justice Blackmun filed a dissenting opinion in which Justice Brennan and Justice Marshall joined.

Opinion on remand, 688 F.2d 951.

[1] CIVIL RIGHTS ⬅ 141
78k141
Formerly 78k9.10
Primary objective of Title VII employment discrimination provisions of Civil Rights Act is to bring employment discrimination to an end and preferred means for achieving that goal is through cooperation and voluntary compliance. Civil Rights Act of 1964, § 701 et seq. as amended 42 U.S.C.A. § 2000e et seq.

[2] CIVIL RIGHTS ⬅ 363
78k363

Formerly 78k32(2)
To accomplish Title VII's objective of cooperation and voluntary compliance the legal rules fashioned to implement that Title should be designed, consistent with other Title VII policies, to encourage Title VII defendants promptly to make curative, unconditional job offers to Title VII claimants, thereby bringing defendants into voluntary compliance and ending discrimination far more quickly than could litigation proceeding at its often ponderous pace. Civil Rights Act of 1964, §§ 701 et seq., 706(g) as amended 42 U.S.C.A. §§ 2000e et seq., 2000e-5(g).

[3] CIVIL RIGHTS ⬅ 402
78k402
Formerly 78k46(13), 78k46
An unemployed or underemployed Title VII claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages and is required to use reasonable diligence in finding other suitable employment and although claimant need not go into another line of work, accept a demotion or take a demeaning position, he forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied. Civil Rights Act of 1964, § 706(g) as amended 42 U.S.C.A. § 2000e-5(g).

[4] CIVIL RIGHTS ⬅ 402
78k402
Formerly 78k46(13), 78k46
An employer charged with Title VII discrimination in hiring can toll accrual of back pay liability by unconditionally offering claimant the job which claimant sought and the job offer need not be supplemented by an offer of retroactive seniority. Civil Rights Act of 1964, § 706(g) as amended 42 U.S.C.A. § 2000e-5(g).

[5] CIVIL RIGHTS ⬅ 402
78k402
Formerly 78k46(13), 78k46
A Title VII claimant is required to minimize his damages by accepting another employer's offer even though it fails to grant the benefits of seniority not yet earned. Civil Rights Act of 1964, § 706(g) as amended 42 U.S.C.A. § 2000e-5(g).

[6] CIVIL RIGHTS ⬅ 402
78k402

Copr. © West 1997 No Claim to Orig. U.S. Govt. Works